IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Anthony D. Gambrell, #233879, )<br>            Plaintiff, )<br>    )<br>v. )<br>    )<br>Rick L. Turner, Disciplinary Hearing )<br>Officer, Individual Capacity; Mike )<br>Fowler, Grievance Coordinator, Individual )<br>Capacity; and Warden Richard Bazzel, )<br>Perry Correctional, Individual Capacity; )<br>    )<br>            Defendants. )<br>_____ ) | C/A No. 0:08-00862-RBH-PJG<br><br>**REPORT AND RECOMMENDATION** |

This civil rights matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC on the defendants' motion for summary judgment. (Docket Entry 14.) The plaintiff, Anthony D. Gambrell ("Gambrell"), a state prisoner proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983 claiming that the defendants, who are various officials with the South Carolina Department of Corrections, violated his constitutional rights. Essentially, Gambrell complains that he was confined in the Special Management Unit for 173 days and forced to wear a pink jumpsuit during the pendency of his administrative appeal of a disciplinary conviction for sexual misconduct. (Compl. ¶ 2, Docket Entry 1 at 3). Ultimately, the Department of Corrections reversed Gambrell's disciplinary conviction.

**PROCEDURAL HISTORY**

The defendants have moved for summary judgment. (Docket Entry 14.) By order of this court filed June 16, 2008, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Gambrell was advised of the summary judgment and dismissal procedures and the possible consequences if



he failed to respond adequately. (Docket Entry 19.) On July 24, 2008, Gambrell filed a motion for an extension of time to respond to the defendants' motion for summary judgment. (Docket Entry 21.) The court granted Gambrell's motion for extension in its order dated July 25, 2008. Gambrell filed a response and affidavit in opposition to the defendants' motion for summary judgment on September 2, 2008. (Docket Entry 24.) The motion is now before the court for a Report and Recommendation.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth



specific facts showing that there is a genuine issue for trial.  See Fed. R. Civ. P. 56(e).  Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists.  Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir.1990).

## DISCUSSION

To state a claim for damages under 42 U.S.C. § 1983, an aggrieved party must allege: (1) that he or she was injured; (2) by the deprivation of any rights, privileges, or immunities secured by the United States Constitution and laws; (3) by a person acting under color of state law.  See 42 U.S.C. § 1983.  The record shows that Gambrell cannot satisfy the first two elements.

It is well settled that a prisoner has no constitutional right to be housed in the general prison population.  See Slezak v. Evatt, 21 F.3d 590 (4th Cir. 1994) (stating that the Constitution vests no liberty interest in inmates retaining or receiving any particular security or custody status as long as the conditions or degree of confinement is within the sentence imposed); Ajaj v. United States, 479 F. Supp. 2d 501, 543 (D.S.C. 2007) (collecting cases holding that prisoners do not have a liberty interest to be housed at a particular institution, to receive a particular security classification, or to avoid administrative segregation).  Moreover, the United States Court of Appeals for the Fourth Circuit has held that as long as the "rules of prison management are 'not so unreasonable as to be characterized as vindictive, cruel or inhuman'" and "'are necessary or reasonable concomitants of imprisonment'," do not involve "punishment or restraints 'intolerable in fundamental fairness,'" and



are not exercised in an arbitrary and capricious manner, then no constitutional rights are violated. Breeden v. Jackson, 457 F.2d 578, 580 (4th Cir. 1972) (quoting Roberts v. Pegelow, 313 F.2d 548 (4th Cir. 1963), Edwards v. Duncan, 355 F.2d 993 (4th Cir. 1966), and Carey v. Settle, 351 F.2d 483 (8th Cir. 1965)).

In Sandin v. Connor, 515 U.S. 472 (1995), the United States Supreme Court addressed facts remarkably similar to those presented in the instant case. In Sandin, a state prisoner named Connor brought a § 1983 action stemming from his confinement in the Special Holding Unit as a result of a disciplinary conviction that was subsequently overturned. The Court rejected Connor's claim, finding that his disciplinary segregation did not present a dramatic departure from the basic conditions of his sentence. Id. at 485. It held that "Connor's discipline in segregated confinement did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest." Id. at 486. The Court noted that the conditions of Connor's disciplinary segregation mirrored those of other inmates who were segregated for non-disciplinary reasons. Id.

In the instant case, Gambrell does not dispute a defendant's affidavit averring that his conditions in SMU were similar to prisoners in the general population. The SMU "consists of an air-conditioned and heated facility where inmates are provided regular meals, healthcare and access to books and the facility's law library." (Bazzle Aff. ¶ 12, Docket Entry 15, Attachment 1.) Rather, Gambrell contends that he was very depressed as a result of being removed from the general prison population.

Moreover, Gambrell has not alleged a compensable injury for which he may recover under 42 U.S.C. § 1983. Gambrell seeks damages based upon his confinement to the Special Management Unit during the pendency of the appeal of his disciplinary conviction. Although he claims that he



was depressed as a result of being placed in solitary confinement and humiliated because he was forced to wear an ill-fitting pink jumpsuit based upon his conviction for sexual misconduct, these allegations are not compensable under federal law. See 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.").

## RECOMMENDATION

Accordingly, the court recommends that the defendants' motion for summary judgment (Docket Entry 14) be granted.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

February 10, 2009
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." <u>Diamond v. Colonial Life & Acc. Ins. Co.</u>, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

>Larry W. Propes, Clerk
>United States District Court
>901 Richland Street
>Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985).