IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Anthony D. Gambrell, | ) | C/A No. 0:08-00862-RBH |
| | ) | |
| Plaintiff; | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| Rick L. Turner, Disciplinary Hearing Officer, Perry | ) | |
| Correctional Institution, Individual Capacity; | ) | |
| Mike Fowler, Grievance Coordinator, Tyger River | ) | |
| Correctional Institution, Individual Capacity; | ) | |
| and Warden Richard Bazzle, Perry Correctional | ) | |
| Institution, Individual Capacity. | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff is a state prisoner currently confined at the Perry Correctional Institution. Plaintiff, proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983 against a disciplinary hearing officer, a grievance coordinator, and the Warden. He alleges that his constitutional rights were violated with regard to a change in his custody classification. Specifically, he contends that he was charged with a disciplinary infraction within the prison and that, as a result of the findings by the initial hearing officer, Turner, he was transferred from the general population to the Special Management Unit for 173 days pending his internal appeal. He contends that he was not afforded procedural due process in that the hearing officer showed bias in changing the charge from "Use of Obscene, Vulgar, or Profane Language or Gestures (toward a female prison guard)" to "Sexual Misconduct", which carries a greater punishment. He further claims that the hearing officer refused to ask the accuser certain questions that he had requested be asked and that the response to the grievance that he filed on the matter was unduly delayed.

1

> Defendants allege in their brief as follows:
>
> More specifically, the plaintiff was convicted of sexual misconduct following an in-house disciplinary hearing resulting in a sanction of 360 days of lock-up in Perry Correctional Institution's Special Management Unit. These Defendants are informed and believe that the Plaintiff had seventeen (17) prior sexual misconduct convictions and that the sanction imposed upon the Plaintiff followed SCDC guidelines. The Plaintiff immediately filed an appeal through the SCDC in-house grievance process where it was processed and ultimately granted following a Step II review. SCDC overturned all sanctions imposed upon Mr. Gambrell as a result of his November 15, 2006, disciplinary hearing, and ultimately chose not set the case for a rehearing. The Plaintiff filed suit shortly thereafter against each of the above named Defendants claiming that he suffered damages while waiting for a response to his appeal.

(Memorandum in Support of Motion for Summary Judgment, Docket Entry # 14)

The defendant has moved for summary judgment on the basis that the plaintiff's alleged damages relate solely to the manner of confinement and, thus, no constitutional violation has occurred. Defendants also contend that qualified immunity bars suit against them individually and that the plaintiff has failed to exhaust his administrative remedies. Defendant attaches affidavits by the defendants to the motion regarding the matter. These affidavits aver that on May 7, 2007, the Department of Corrections "granted Plaintiff's disciplinary appeal under Grievance #PCI 0516-07, and overturned all charges and sanctions imposed upon Mr. Gambrell as a result of his November 15, 2006 disciplinary hearing, and ultimately set the case for rehearing. I am informed and believe that SCDC chose not to schedule a rehearing for Mr. Gambrell's original disciplinary charge." (*See* Affidavit of Warden, Docket Entry #15-2).

In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 this matter comes before the Court with the Report and Recommendation of United States Magistrate Paige J. Gossett, filed February 10, 2009. Based on her review of the record, the Magistrate Judge recommends that the motion for summary judgment be granted on the basis that the plaintiff has not been deprived of any

rights secured by the Constitution and that he has failed to show any injury other than mental injury which is not compensable under 42 U.S.C. § 1983.

The Magistrate Judge makes only a recommendation to the Court, to which any party may file written objections. The Court is not bound by the recommendation of the Magistrate Judge but, instead, retains responsibility for the final determination. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is required to make a *de novo* determination of those portions of the Report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the Magistrate Judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1).

Plaintiff filed objections to the Report on February 24, 2009. Plaintiff contends in his objections that the change in his custody level resulted in a due process violation.

The first step in analyzing a procedural due process claim is whether the alleged deprivation impacts a protected liberty or property interest. *See Beverati v. Smith*, 120 F.3d 500, 502 (4th Cir. 1997). In order to show the deprivation of a liberty interest regarding custody classifications, an inmate must show either (1) the conditions exceed the sentence imposed in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force or (2) the confinement creates an atypical or significant hardship *and* the state has granted its inmates, by regulation or statute, a protected liberty interest in remaining free from that confinement or restraint. *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995). "[C]hanges in a prisoner's location, variations of daily routine, changes in

3

conditions of confinement (including administrative segregation), and the denial of privileges [are] matters which every prisoner can anticipate are contemplated by his original sentence to prison . . ." *Gaston v. Taylor*, 946 F.2d 340, 343 (4th Cir. 1991). *See also*, *Brown v. Evatt*, 322 S.C. 189, 470 S. E. 2d 848 (1996) (holding under South Carolina law, that the state statutes and regulations regarding the classification of prisoners create no liberty interest in a security or custody classification.)

Plaintiff has failed to show that the first prong of the *Sandlin* test has been met; in other words, he has not shown that his classification change results in an increase in the sentence imposed so as to give rise to the protection of the Due Process Clause by its own force. *See, e.g.*, *Beverati*, 120 F.3d at 502 (4th Cir.1997) (confinement in administrative segregation does not exceed the sentence imposed in such an extreme way as to give rise to the protection of the Due Process Clause by its own force, and inmates did not possess a liberty interest in avoiding administrative segregation). Under the second prong of the test, this Court must determine whether the state action in changing his classification level imposed on plaintiff an "atypical and significant hardship in relation to the ordinary incidents of prison life." *Sandlin*, 515 U.S. at 484; *Beverati*, 120 F.3d at 502-503. The plaintiff has failed to show an atypical and significant hardship in relation to the ordinary incidents of prison life. Therefore, no actionable violations of procedural due process occurred. In addition, the plaintiff was afforded a procedure to reverse the action by the disciplinary officer and his disciplinary infractions were reversed.[1]

Additionally, the defendants are protected against suit in their individual capacities by the doctrine of qualified immunity as argued by the defendants, and the plaintiff has failed to prove a

---

[1] Plaintiff also appears to argue that the defendant did not follow SCDC policies regarding the timing of appeals. However, even if this is true, this fact alone does not amount to a constitutional violation. *See Keeler v. Pea*, 782 F. Supp. 42, 44 (D.S.C. 1992).

compensable injury under Section 1983.[2] Finally, it appears that the plaintiff has not fully exhausted his claims. *See* Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). *See also*, *Porter v. Nussle*, 534 U.S. 516 (2002) (Even when a prisoner seeks relief that is not available in grievance proceedings, such as money damages, exhaustion is a prerequisite to suit.)

The Court has reviewed the Report, objections, pleadings, memoranda, and applicable law. The court adopts the Report and Recommendation as modified and incorporates it herein by reference. Accordingly, all objections are overruled and the motion by the defendants for summary judgment is **GRANTED**.

**IT IS SO ORDERED.**

March 23, 2009                           s/R. Bryan Harwell
Florence, SC                             R. Bryan Harwell
                                         United States District Judge

---

[2] To the extent the plaintiff may have asserted any claims under state law, the Court declines to exercise jurisdiction over those claims.